William Wewend v. Commissioner.
Wewend v. Commissioner
Docket No. 74743.
United States Tax Court
T.C. Memo 1959-68; 1959 Tax Ct. Memo LEXIS 179; 18 T.C.M. (CCH) 340; T.C.M. (RIA) 59068; April 9, 1959
*179 Held, (1) that petitioner has failed to meet the burden of proof of error in respondent's determination of deficiencies for the respective years 1952, 1953, 1954 and 1955; and (2) that a part of the deficiency for each of the years 1952 and 1953 was due to fraud with intent to evade taxes, and that a part of the underpayment of tax for each of the years 1954 and 1955 was due to fraud. Robert O. Rogers, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Code
Code
of 1939
of 1954
Additions
Additions
to tax un-
to tax un-
der section
der section
Year
Deficiency
293(b)
6653(b)
1952
$469.36
$234.68
1953
447.26
223.63
1954
395.80
$197.90
1955
404.00
202.00
The questions presented are (a) whether petitioner met the burden of proof of error in respondent's determinations of deficiencies in income taxes for the respective years 1952 to 1955, inclusive, and (b) whether any part of the deficiency for each of the years 1952 and 1953 was due to fraud with intent to evade *180 taxes and whether any part of the underpayment of tax for each of the years 1954 and 1955 was due to fraud. Findings of Fact Petitioner is an individual with residence at 4311 Cardinal Avenue, Daytona Beach, Florida. He filed individual income tax returns for each of the years 1952 to 1955, inclusive, with the district director of internal revenue for the Jacksonville, Florida, district. Petitioner is an intelligent man with a college education in electrical engineering. In addition to other employment of various types, he worked as a traveling accountant for a chemical company from 1935 to 1946, and worked as an accountant for a hotel chain in Florida. For each of the years 1952 to 1955, inclusive, petitioner computed his Federal income tax returns as if he were entitled to four exemptions of $600 each. One such exemption was his own. One was for his wife, Elizabeth Marguerite Wewend, who filed separate income tax returns for each of the years in question. The remaining two exemptions were for John L. Ipock and Peggy Ipock (married name "Spoltore" in 1955), both of whom were children of a former wife by her former husband. Petitioner contributed nothing to the support of either *181 of said children. Petitioner knew that, at the most, he was entitled to only two of the four exemptions claimed in each of the years in question. The claiming by petitioner of at least two exemptions of $600 each (to which petitioner knew he was not entitled) on each of his Federal income tax returns for the years 1952 to 1955, inclusive, resulted in an understatement of taxable net income and an understatement of tax on each of said returns. A part of the deficiency for each of the years 1952 and 1953 was due to fraud with intent to evade taxes, and a part of the underpayment of tax for each of the years 1954 and 1955 was due to fraud. Opinion No evidence was produced by or on behalf of petitioner. Respondent's determination of deficiencies for each of the years in question is sustained because of petitioner's failure to meet the burden of proving error. Our Findings of Fact are determinative of the issue of fraud for each of the years in question. While there may be some doubt of fraudulent intent with respect to the exemption claimed for his wife, we have no doubt that petitioner was not entitled to the exemption claimed for the two children for each of the years in question, *182 and that he knew it. The inference of fraud as to a part of each deficiency for the years 1952 and 1953 (section 293(b) of the Code of 1939) and each underpayment for the years 1954 and 1955 (section 6653(b) of the Code of 1954) is apparent. Additions to tax are allowed accordingly. Decision will be entered under Rule 50.